a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ROBERT TYRONE ADAMS #11927-035,<br>Plaintiff | CIVIL DOCKET NO. 1:22-CV-01822<br>SEC P |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| MARCUS TAYLOR ET AL,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 filed by pro se Plaintiff Robert Tyrone Adams ("Adams"). Adams is being detained at the Natchitoches Parish Detention Center in Natchitoches, Louisiana. He complains that Defendants Marcus Taylor and Shkeitha Swafford forged his name on documents and took ownership of his vehicle.

Because Adams fails to state a claim under § 1983, his Complaint (ECF No. 1) should be DENIED and DISMISSED.

I. Background

Adams alleges that Defendants Taylor and Swafford forged his name on a bill of sale for his 1974 Chevrolet Impala and then filed the falsified bill of sale with the State of Louisiana. ECF Nos. 1, 1-2 at 29. He claims that Defendants obtained a fraudulent title to the vehicle by claiming that Adams gifted or donated the vehicle

to them. *Id.* Adams asks that the Court return his vehicle to him and order the Defendants be prosecuted.

## II. Law and Analysis

Adams filed suit under § 1983. However, to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States. The plaintiff must also show that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). A plaintiff may satisfy the "under color of state law" requirement of § 1983 by proving that the conduct causing the deprivation is fairly attributable to the state. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). "Fair attribution" requires that: (1) the deprivation is caused by the exercise of a state-created right or privilege, by a state-imposed rule of conduct, or by a person for whom the state is responsible; and (2) the party charged with the deprivation may be fairly described as a state actor. *Id.*

Adams's allegations do not indicate that Defendants Taylor or Swafford were acting under color of state law at any time. Because Defendants are not state actors, the § 1983 claim against them should be dismissed.

Additionally, there is no constitutional right to have a person criminally prosecuted. *See Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990). The prosecution of criminal actions in the Louisiana courts is a matter solely within the discretion of the Louisiana Attorney General and the various district attorneys. *See* La. Code Crim. Proc. art. 61.

To the extent Adams seeks to hold Defendants liable for conversion of property, his claim arises under Louisiana law and must be filed in state court.

## III. Conclusion

Because Adams cannot state a claim against the named Defendants under § 1983, IT IS RECOMMENDED that his Complaint (ECF No. 1) DENIED and DISMISSED without prejudice to seeking relief under state law in state court.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, July 11, 2022.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE